IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR WOODARD, | No C-09-0203 VRW (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v | |
| GREGORY AHERN, Sheriff, et al, | |
| Defendant(s). | |

Plaintiff, a prisoner presently housed at Santa Rita County Jail, has filed a pro se civil rights complaint under 42 USC section 1983 alleging what appears to be claims of excessive use of force and deliberate indifference to his serious medical needs. Plaintiff names as defendants Alameda County sheriff Gregory Ahern, Santa Rita Jail facility captain Burt Wilconson and deputies Chin and Arrivas and two "Doe" defendants. Doc #1 at 3-4. For the reasons stated below, the complaint is DISMISSED WITH LEAVE TO AMEND, within sixty days of the date of this order, as set forth below.

//

I

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See <u>Leer v Murphy</u>, 844 F2d 628, 634 (9th Cir 1988); <u>Harris v City of Roseburg</u>, 664 F2d 1121, 1125 (9th Cir 1981). Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. <u>Leer</u>, 844 F2d at 634. Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." <u>Barren v Harrington</u>, 152 F3d 1193, 1194 (9th Cir 1998). Although the federal rules require brevity in pleading, a complaint must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." <u>Erickson v Pardus</u>, 551 US 89, 93 (2007) (citations omitted). District courts, however, must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints. <u>Lopez v Smith</u>, 203 F3d 1122, 1126-27 (9th Cir 2000) (en banc).

A

Plaintiff names as defendants Alameda County sheriff Gregory Ahern and Santa Rita Jail facility captain Burt Wilconson, supervisory officials of the jail. With regard to the supervisory employees named, plaintiff should be mindful that a supervisor may be liable under section 1983 only upon a showing of: (1) personal

2

involvement in the constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v County of San Diego, 942 F2d 1435, 1446 (9th Cir 1991) (en banc). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v List, 880 F2d 1040, 1045 (9th Cir 1989). Without more, plaintiff's naming of Ahern and Wilconson as defendants on the apparent basis that they are liable under a respondeat superior theory is insufficient to state a claim against them. See id.

B

Plaintiff also names as defendants "John Doe" and "Dr. John/Jane Doe, MD." In order to proceed against these defendants, however, plaintiff must supply the court with identifying information. Wakefield v Thompson, 177 F3d 1160, 1163 (9th Cir 1999) (plaintiff should be given opportunity to identify unknown defendants). Further, as noted above, plaintiff must specifically allege how each of them caused the deprivation of his constitutional rights. Barren, 152 F3d at 1194.

C

In attachments to the complaint, plaintiff identifies by name deputies Chin and Arrivas and claims they used excessive force against him. See, for example, Doc #1 at 46-48. Liberally construed, plaintiff's allegations against these defendants appear

3

to state a cognizable section 1983 claim. The court will defer service on these defendants, however, until plaintiff files a first amended complaint, or the time by which plaintiff must do so expires.

## II

Good cause appearing, the complaint is DISMISSED WITH LEAVE TO FILE AN AMENDED COMPLAINT within sixty days of the date of this order. The first amended complaint must contain all related claims against all defendants that plaintiff wishes to proceed against in this action. The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within sixty days of this order will result in the dismissal of this action.

Plaintiff is advised that the first amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the first amended complaint will not be considered by the court. See King v Atiyeh, 814 F2d 565, 567 (9th Cir 1987).

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\CR.09\Woodard-09-0203-dwlta.wpd

**4**